# EXHIBIT 1

FILED
BRYAN COUNTY, OKLAHOMA
DISTRICT COURT CLERK

**IN THE DISTRICT COURT OF BRYAN COUNTY**
**STATE OF OKLAHOMA**

AUG 09 2021

DONNA ALEXANDER
COURT CLERK
BY_____deputy

| | | |
|---|---|---|
| **DAVID OSBURN, an Individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CJ-2021- 103** |
| **ARDMORE SUZUKI, INC.,** | ) | |
| **d/b/a JONES POWER SPORTS,** | ) | |
| **a Domestic For Profit Business** | ) | |
| **Corporation, and POLARIS** | ) | |
| **INDUSTRIES INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PETITION

COMES NOW the Plaintiff, David Osburn, (hereinafter "Plaintiff" and/or "Mr. Osburn"),

and for his causes of action against the Defendants, Ardmore Suzuki, Inc., d/b/a Jones Power

Sports, (hereinafter "Defendant Suzuki") and Polaris Industries Inc., (hereinafter "Defendant

Polaris") (collectively referred hereinafter as "Defendants") alleges and states as follows:

## PARTIES

1.   Plaintiff David Osburn is an individual resident of Gun Barrel City, Henderson

County, Texas.

2.   Defendant Ardmore Suzuki, Inc., d/b/a Jones Power Sports is a domestic for profit

business corporation located and doing business in Durant, Oklahoma. Defendant Suzuki may be

served with process through its registered agent, David Jones, 9416 US HWY 70, Durant,

Oklahoma 74701.

3.   Defendant Polaris Industries, Inc. is a corporation registered and doing business in

the State of Texas. Defendant Polaris may be served with process through its registered agent, CT

Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

1

## STATEMENT OF FACTS

(Plaintiff hereby incorporates by reference paragraphs 1-3)

4.    On or about September 14, 2019, Mr. Osburn was riding in a Polaris Ranger XP 1000 all-terrain vehicle (the "Polaris Ranger") traveling through an ATV park in Texas. While Mr. Osburn was in the driver's seat and operating the Polaris Ranger, the Polaris Ranger suddenly and unexpectedly caught fire and he was engulfed in flames. Mr. Osburn sustained severe and permanent personal injuries because of this incident.

5.    Defendant Polaris designed, manufactured, and marketed the Polaris Ranger and placed the Polaris Ranger into the stream of commerce in a defective and unreasonably dangerous condition. In addition, upon information and belief, Defendant Polaris knew or was on notice that the Polaris Ranger was designed, manufactured, marketed and placed into the stream of commerce in a defective and unreasonably dangerous condition.

6.    Defendant Suzuki was in the business of selling and distributing Defendant Polaris' all-terrain vehicles, including the Polaris Ranger. Upon information and belief, Defendant Suzuki performed dealer preparations and certifications for the all-terrain vehicles before selling them, and charged for those preparations and certifications. Thus, upon information and belief, Defendant Suzuki altered or modified the Polaris Ranger before the incident made the basis of this suit.

7.    Defendant Suzuki, marketed, sold, and delivered the Polaris Ranger to Plaintiff and thereby placed the Polaris Ranger into the stream of commerce in a defective and unreasonably dangerous condition. In addition, upon information and belief, Defendant Suzuki knew or was on notice that the Polaris Ranger was designed, manufactured, marketed and placed into the stream of commerce in a defective and unreasonably dangerous condition.

2

8.      Upon information and belief, at the time of the incident made the basis of this suit, the Polaris Ranger was in the same or substantially the same condition as it was when it left Defendant Polaris' and Defendant Suzuki's possession.

9.      As a result of the negligence of Defendants, Plaintiff suffered, and continues to suffer, severe and permanent personal injuries.

10.     The damages and injuries sustained by Plaintiff were not caused by or contributed to by Plaintiff nor did the same occur through any fault or negligence on the part of Plaintiff, but were proximately caused by the acts, wrongs and/or omissions of the Defendants, and each of them, which said acts, wrongs and/or omissions were a proximate cause of the injuries sustained by Plaintiff.

## FIRST CAUSE OF ACTION
## STRICT LIABILITY AS TO DEFENDANT POLARIS

(Plaintiff hereby incorporates by reference paragraphs 1-10)

11.     Defendant Polaris was the manufacturer, assembler and/or seller of a product which is unreasonably dangerous and defective in its design, manufacture and as marketed.  The specific product in question is the Polaris Ranger.  In addition, upon information and belief, Defendant Polaris knew or was on notice that the Polaris Ranger was unreasonably dangerous and defective in its design, manufacture and as marketed.

12.     The defective nature of the product was a proximate and/or producing cause of the damages to Plaintiff, thus rendering Defendant Polaris strictly liable.  At all times material hereto, the Polaris Ranger was defective and unsafe for its intended purpose.  The Polaris Ranger, which is the subject of this suit, was defective in the following nonexclusive respects:

(a)     The Polaris Ranger was defectively designed, manufactured, and marketed because it suddenly and unexpectedly caught on fire;

3

(b) The Polaris Ranger was defective as marketed in that the advertising and marketing campaigns and programs undertaken by Defendant Polaris, and each of them, misled consumers as to the safety features of the Polaris Ranger and failed to warn consumers of the dangerous conditions of the Polaris Ranger as described more fully herein;

(c) The Polaris Ranger was defectively designed, manufactured, and/or marketed because it failed to warn Plaintiff about the unsafe nature of the Polaris Ranger;

(d) The Polaris Ranger was improperly and inadequately tested, maintained and/or inspected by Defendant Polaris, and each of them; and

(e) In the alternative, there existed a safer alternative design for the Polaris Ranger.

13. The unreasonably dangerous nature of the defects as outlined above created a high probability that the Polaris Ranger will be involved in failures resulting in the loss of human life and/or severe and permanent personal injuries. Defendant Polaris knew of this risk prior to production, distribution and marketing of the Polaris Ranger and, in conscious disregard of the consequences, willfully and wantonly manufactured, marketed, sold or leased the Polaris Ranger which caused serous personal injuries to Plaintiff.

14. The unreasonably dangerous and defective nature of the Polaris Ranger is further aggravated by:

(a) Failing to provide sufficient protection to the operators and passengers of the all-terrain vehicles manufactured, assembled and/or sold by Defendant Polaris; and

(b) Failing to utilize reasonable design methods and materials in designing all-terrain vehicles manufactured, assembled and/or sold by Defendant Polaris in order to

4

provide adequate protection to the operators and passengers when operating the all-terrain vehicles manufactured, assembled and/or sold by the Defendant Polaris.

15.      The defective nature of the Polaris Ranger, as set forth above, rendered it unreasonably dangerous and was a proximate and/or producing cause of the injuries to Plaintiff and the damages to Plaintiff as more specifically described herein.

16.      The cap for pain and suffering must be lifted because of Defendant Polaris' choice to act with reckless disregard for the rights of others as set forth above.  23 O.S. § 61.2.

17.      As a result of Defendant Polaris' gross negligence and/or reckless disregard for the rights of others, Plaintiff is entitled to punitive damages.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY AS TO DEFENDANT SUZUKI

(Plaintiff hereby incorporates by reference paragraphs 1-17)

18.      Defendant Suzuki was the marketer and seller of a product which is unreasonably dangerous and defective in its design, manufacture and as marketed.  The specific product in question is the Polaris Ranger.  In addition, upon information and belief, Defendant Suzuki knew or was on notice that the Polaris Ranger was unreasonably dangerous and defective in its design, manufacture and as marketed. In the alternative, upon information and belief, Defendant Suzuki knew or was on notice that the alterations and/or modifications Defendant Suzuki made on the Polaris Ranger made the Polaris Ranger unreasonably dangerous and defective.

19.      The defective nature of the product, and/or, in the alternative the defective nature of the alterations and/or modifications, were a substantial factor in causing the damages to Plaintiff and/or the proximate and/or producing cause of the damages to Plaintiff, thus rendering Defendant Suzuki strictly liable.  At all times material hereto, the Polaris Ranger was defective and unsafe

5

for its intended purpose.  The Polaris Ranger, which is the subject of this suit, was defective in the following nonexclusive respects:

(a)     The Polaris Ranger was defectively designed, manufactured, and marketed because it suddenly and unexpectedly caught on fire;

(b)     The Polaris Ranger was defective as marketed in that the advertising and marketing campaigns and programs undertaken by Defendant Suzuki, and each of them, misled consumers as to the safety features of the Polaris Ranger and failed to warn consumers of the dangerous conditions of the Polaris Ranger as described more fully herein;

(c)      The Polaris Ranger was defectively designed, manufactured, and/or marketed because it failed to warn Plaintiff about the unsafe nature of the Polaris Ranger;

(d)     The Polaris Ranger was improperly and inadequately tested, maintained, altered, modified, and/or inspected by Defendant Suzuki; and

(e)     In the alternative, there existed a safer alternative design for the Polaris Ranger.

20.     The unreasonably dangerous nature of the defects as outlined above created a high probability that the Polaris Ranger will be involved in failures resulting in the loss of human life and/or severe and permanent personal injuries.  Defendant Suzuki knew of this risk prior to production, distribution and marketing of the Polaris Ranger and, in conscious disregard of the consequences, willfully and wantonly manufactured, marketed, sold or leased the Polaris Ranger which caused serous personal injuries to Plaintiff.

21.     The unreasonably dangerous nature of the defects as outlined above created a high probability that the Polaris Ranger will be involved in failures resulting in the loss of human life and/or severe and permanent personal injuries.  Defendant Suzuki knew of this risk prior to the

6

marketing, sale, and delivery of the Polaris Ranger and, in conscious disregard of the consequences, willfully and wantonly marketed, sold or leased and delivered the Polaris Ranger which caused serous personal injuries to Plaintiff.

22.   The unreasonably dangerous and defective nature of the Polaris Ranger is further aggravated by:

(a)   Failing to provide sufficient protection to the operators and passengers of the all-terrain vehicles manufactured, assembled and/or sold by Defendant Suzuki; and

(b)   Failing to utilize reasonable design methods and materials in designing all-terrain vehicles manufactured, assembled and/or sold by Defendant Suzuki in order to provide adequate protection to the operators and passengers when operating the all-terrain vehicles manufactured, assembled and/or sold by the Defendant Suzuki.

23.   The defective nature of the Polaris Ranger, as set forth above, rendered it unreasonably dangerous and was a proximate and/or producing cause of the injuries to Plaintiff and the damages to Plaintiff as more specifically described herein.

24.   The cap for pain and suffering must be lifted because of Defendant Suzuki's choice to act with reckless disregard for the rights of others as set forth above.  23 O.S. § 61.2.

25.   As a result of Defendant Suzuki's gross negligence and/or reckless disregard for the rights of others, Plaintiff is entitled to punitive damages.

## THIRD CAUSE OF ACTION
## NEGLIGENCE AS TO DEFENDANT POLARIS

(Plaintiff hereby incorporates by reference paragraphs 1-25)

26.   The injuries and damages suffered by Plaintiff were proximately caused by the negligence of Defendant Polaris, in assembling, supplying, marketing, testing, inspecting, instructing, and providing warnings for the Polaris Ranger.

27.     Upon information and belief, the negligence of Defendant Polaris includes, but is not limited to, the following acts and/or omissions:

(a)     Negligently designing the Polaris Ranger from an occupant protection standpoint;

(b)     Negligently failing to test the Polaris Ranger to ensure that the design provided reasonable occupant protection;

(c)     Manufacturing the Polaris Ranger, which contains safety defect(s);

(d)     Improper design of the Polaris Ranger;

(e)     Marketing the Polaris Ranger in such a way as to mislead consumers generally, and Plaintiff in particular;

(f)     Improper and inadequate testing of the Polaris Ranger;

(g)     Failing to comply with the standards of care applicable in the all-terrain vehicle industry by failing to provide the Polaris Ranger free of defects and with reasonable occupant protection when riding in the Polaris Ranger;

(h)     Failing to recognize the various design defects present in the Polaris Ranger and notify consumers, as required by law, that a defect existed in the Polaris Ranger that related to public safety, which is negligence *per se* (*see* 49 U.S.C. §§ 30.118-119).

28.     Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

29.     The cap for pain and suffering must be lifted because of Defendant Polaris' choice to act with reckless disregard for the rights of others as set forth above.  23 O.S. § 61.2.

8

30.    As a result of Defendant Polaris' gross negligence and/or reckless disregard for the rights of others, Plaintiff is entitled to punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE AS TO DEFENDANT SUZUKI

(Plaintiff hereby incorporates by reference paragraphs 1-29)

31.    The injuries and damages suffered by Plaintiff were proximately caused by the negligence of Defendant Suzuki, in assembling, supplying, marketing, testing, inspecting, instructing, and providing warnings for the Polaris Ranger.

32.    Upon information and belief, the negligence of Defendant Suzuki includes, but is not limited to, the following acts and/or omissions:

(a)    Marketing the Polaris Ranger in such a way as to mislead consumers generally, and Plaintiff in particular;

(b)    Improper and inadequate testing, preparation, and certification of the Polaris Ranger

(c)    Failing to comply with the standards of care applicable in the all-terrain vehicle industry by failing to provide the Polaris Ranger free of defects and with reasonable occupant protection when riding in the Polaris Ranger;

(d)    Failing to recognize the various design defects present in the Polaris Ranger and notify consumers, as required by law, that a defect existed in the Polaris Ranger that related to public safety, which is negligence *per se*. (*see* 49 U.S.C. §§ 30.118-119).

33.    Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

34.     The cap for pain and suffering must be lifted because of Defendant Suzuki's choice to act with reckless disregard for the rights of others as set forth above.  23 O.S. § 61.2.

35.     As a result of Defendant Suzuki's gross negligence and/or reckless disregard for the rights of others, Plaintiff is entitled to punitive damages.

## FIFTH CAUSE OF ACTION BREACH OF WARRANTY AS TO DEFENDANT POLARIS

(Plaintiff hereby incorporates by reference paragraphs 1-34)

36.     Upon information and belief, the Polaris Ranger in question is a "good" for purposes of the Oklahoma Uniform Commercial Code.  At the time the Polaris Ranger was sold, Defendant Polaris was a "merchant" with respect to goods of that kind.  Defendant Polaris breached the implied warranty of merchantability by selling the Polaris Ranger when it was not fit for the ordinary purpose for which such goods are used because of the safety, stability, maneuverability, roadworthiness, and crashworthiness problems described more fully herein.  This breach of warranty was a proximate cause of the damages to Plaintiff described more fully herein.

37.     In the alternative, additionally, upon information and belief, Defendant Polaris breached express warranties created by the representations described more fully above.  These breaches of express warranties were a proximate cause of the damages to Plaintiff described more fully herein.

## SIXTH CAUSE OF ACTION BREACH OF WARRANTY AS TO DEFENDANT SUZUKI

(Plaintiff hereby incorporates by reference paragraphs 1-36)

38.     Upon information and belief, the Polaris Ranger in question is a "good" for purposes of the Oklahoma Uniform Commercial Code.  At the time the Polaris Ranger was sold, Defendant Suzuki was a  "merchant" with respect to goods of that kind.  Defendant Suzuki

10

breached the implied warranty of merchantability by selling the Polaris Ranger when it was not fit for the ordinary purpose for which such goods are used because of the safety, stability, maneuverability, roadworthiness, and crashworthiness problems described more fully herein. This breach of warranty was a proximate cause of the damages to Plaintiff described more fully herein.

39.    In the alternative, additionally, upon information and belief, Defendant Suzuki breached express warranties created by the representations described more fully above. These breaches of express warranties were a proximate cause of the damages to Plaintiff described more fully herein.

## SEVENTH CAUSE OF ACTION BREACH OF IMPLIED WARRANTY AS TO DEFENDANT POLARIS

(Plaintiff hereby incorporates by reference paragraphs 1-38)

40.    Upon information and belief, Defendant Polaris had knowledge that the Polaris Ranger in question was being purchased for the express and intended purpose of using the Polaris Ranger as an all-terrain vehicle. Plaintiff relied on the skill and judgement of Defendant Polaris, to furnish and/or select suitable goods and Defendant Polaris had reason to know of this reliance. Defendant Polaris expressly and impliedly warranted that the Polaris Ranger was fit for its intended purpose when it was not. These facts give rise to a cause of action for breach of implied warranty of fitness. Additionally, Defendant Polaris breached express warranties created by representations described more fully above. These breaches of implied warranties were a proximate cause of the damages suffered by Plaintiff as described more fully herein.

41.    Upon information and belief, Defendant Polaris represented the product in question to have characteristics, ingredients, uses, and benefits it did not have. Plaintiff would state and show that Defendant Polaris failed to disclose information concerning the product which was known at the time of the transaction and such failure to disclose such information was intended to

11

induce a transaction that would not have taken place had the information been disclosed. The misrepresentations were made with the intention that they would be acted upon, and Plaintiff acted in reliance on the misrepresentations and thereby suffered severe permanent injuries. These misrepresentations were a proximate cause of and producing cause of Plaintiff's damages.

## EIGHTH CAUSE OF ACTION BREACH OF IMPLIED WARRANTY AS TO DEFENDANT SUZUKI

(Plaintiff hereby incorporates by reference paragraphs 1-40)

42.     Upon information and belief, Defendant Suzuki had knowledge that the Polaris Ranger in question was being purchased for the express and intended purpose of using the Polaris Ranger as an all-terrain vehicle. Plaintiff relied on the skill and judgement of Defendant Suzuki to furnish and/or select suitable goods and Defendant Suzuki had reason to know of this reliance. Defendant Suzuki expressly and impliedly warranted that the Polaris Ranger was fit for its intended purpose when it was not. These facts give rise to a cause of action for breach of implied warranty of fitness. Additionally, Defendant Suzuki breached express warranties created by representations described more fully above. These breaches of implied warranties were a proximate cause of the damages suffered by Plaintiff as described more fully herein.

43.     Upon information and belief, Defendant Suzuki represented the product in question to have characteristics, ingredients, uses, and benefits it did not have. Plaintiff would state and show that Defendant Suzuki failed to disclose information concerning the product which was known at the time of the transaction and such failure to disclose such information was intended to induce a transaction that would not have taken place had the information been disclosed. The misrepresentations were made with the intention that they would be acted upon, and Plaintiff acted in reliance on the misrepresentations and thereby suffered severe permanent injuries. These misrepresentations were a proximate cause of and producing cause of Plaintiff's damages.

12

## NINTH CAUSE OF ACTION MISREPRESENTATION OF MATERIAL FACTS AS TO DEFENDANT POLARIS

(Plaintiff hereby incorporates by reference paragraphs 1-43)

44.      Defendant Polaris made representations of material facts, as alleged hereinafter, concerning the character and quality of the line of products sold by it, and the Polaris Ranger referred to in this petition in particular, of such a nature as to render Defendant Polaris strictly liable for the injuries of Plaintiff and the subsequent damages suffered by Plaintiff herein.

45.      Defendant Polaris, acting by and through its agents, engaged in a course of advertising, marketing and promoting of the Polaris Ranger, which included express and implied misrepresentations of material fact concerning the character and quality of the Polaris Ranger advertising, marketing and promotional activities, the totality of which, taken as a whole, falsely represented that:

(a)      The Polaris Ranger was suitable for use;

(b)      The Polaris Ranger was suitable to operate with people sitting in the driver seating area;

(c)      The Polaris Ranger was suitable for safe use as a all-terrain vehicle as depicted in the advertising, marketing and promotional material distributed to the public; and

(d)      The Polaris Ranger was a quality all-terrain vehicle that had been manufactured using industry standards, adequately tested and inspected for regular and foreseeable use.

46.      All of this conduct, under the circumstances of this case, was known by Defendant Polaris prior to the design, purchase and use of the Polaris Ranger in question and proximately caused damage to Plaintiff, thus rendering Defendant Polaris liable to Plaintiff under common law and the doctrine expressed in *Restatement (Second) Torts § 402(b)*.

13

## TENTH CAUSE OF ACTION MISREPRESENTATION OF MATERIAL FACTS AS TO DEFENDANT SUZUKI

(Plaintiff hereby incorporates by reference paragraphs 1-48)

47.     Defendant Suzuki made representations of material facts, as alleged hereinafter, concerning the character and quality of the line of products sold by them, and the Polaris Ranger referred to in this petition in particular, of such a nature as to render Defendant Suzuki strictly liable for the injuries of Plaintiff and the subsequent damages suffered by Plaintiff herein.

48.     Defendant Suzuki, acting by and through its agents, engaged in a course of advertising, marketing and promoting of the Polaris Ranger, which included express and implied misrepresentations of material fact concerning the character and quality of the Polaris Ranger advertising, marketing and promotional activities, the totality of which, taken as a whole, falsely represented that:

(a)     The Polaris Ranger was suitable for use;

(b)     The Polaris Ranger was suitable to operate with people sitting in the driver seating area;

(c)     The Polaris Ranger was suitable for safe use as a all-terrain vehicle as depicted in the advertising, marketing and promotional material distributed to the public; and

(d)     The Polaris Ranger was a quality all-terrain vehicle that had been manufactured using industry standards, adequately tested and inspected for regular and foreseeable use.

50.     All of this conduct, under the circumstances of this case, was known by Defendant Suzuki prior to the design, purchase and use of the Polaris Ranger in question and proximately caused damage to Plaintiff, thus rendering Defendant Suzuki liable to Plaintiff under common law and the doctrine expressed in *Restatement (Second) Torts § 402(b)*.

14

WHEREFORE, Plaintiff prays for judgment against the Defendants, in an amount potentially in excess of $75,000.00 for compensatory damages, punitive damages, together with attorneys' fees, pre-judgment and post-judgment interest, costs in this action, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

Ashley S. Manning, OBA# 30257
MANNING LAW FIRM
247 N. Broadway, Ste. 203
Edmond, OK 73034
Telephone: (405) 445-6155
Fax: (405) 594-7611
Email: ashley@manninglawok.com

-And-

Dorothy E. Heim, OBA# 19115
HEIM LAW FIRM
247 N. Broadway, Ste. 203
Edmond, OK 73034
Telephone: (405) 445-6155
Fax: (405) 594-7611
Email: dorothy@heimlegalservices.com
*Attorneys for Plaintiff*

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

15